Vincent **BRELAND**, Plaintiff,

v.

Commissioner Catherine M. **ABATE**; Cor-rection Officer and Supervisory Correc-tion Officers Beverly **Lawrence**, Janet **Chavies**, and John **Doe**; and the City of New York, Defendants.

No. 93 Civ. 2109 (DAB).

United States District Court, S.D. New York.

Feb. 22, 1996.

---

Melvin L. Wulf, of counsel, Beldock Levin & Hoffman, New York City, for plaintiff.

Terri Feinstein Sasanow (Gabriel Taussig, of counsel), Paul A. Crotty, Corporation Counsel of the City of New York, New York City, for defendants.

### MEMORANDUM AND ORDER

BATTS, District Judge.

Plaintiff Vincent Breland sues various correctional officials and the City of New York under 42 U.S.C. § 1983 for injuries suffered at the hands of other inmates while in pretrial detention. Defendants move for summary judgment on various grounds. Plaintiff

opposes the motion. For the reasons stated herein, the motion is granted in its entirety.

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); *Citizens Bank of Clearwater v. Hunt*, 927 F.2d 707, 710 (2d Cir. 1991).

The facts are basically undisputed, and for the purposes of this motion, the Court will accept the facts as stated in Plaintiff's opposition papers. Specifically, for the purposes of this motion, the Court will accept as a fact that Officer Lawrence was asleep at her position inside the inmate dormitory at the time that a fight among Plaintiff and three other inmates started. Pl.Opp. at 2–4.

In his motion papers, Plaintiff seeks to maintain the following federal claims: (1) deliberate indifference claims under § 1983 against Corrections Officers Lawrence and Chavies, and (2) *Monell*[1] claims against the City under § 1983 based on (a) the deliberate indifference of Officers Lawrence and Chavies and (b) its failure to take adequate steps to assure a reasonable level of security for inmates of GMDC. Pl.Mem. at 5–7. Plaintiff's motion papers in opposition to this motion recite no other federal claims.

## A. Deliberate Indifference Claims Against Individual Officers

To establish a constitutional claim under the Fourteenth Amendment sufficient to allow recovery under § 1983, Plaintiff must show more than mere negligence. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Stubbs v. Dudley*, 849 F.2d 83, 86–87 (2d Cir.1988); *see also Hendricks v. Coughlin*, 942 F.2d 109, 113 (2d Cir.1991) (Eighth Amendment); *Morello v. James*, 797 F.Supp. 223, 227 (W.D.N.Y.1992).

Plaintiff's version of the facts are that at approximately 1:55 a.m. Officer Chavies was awake inside the "bubble" adjacent to the inmate dorm where Plaintiff was assigned, and Officer Lawrence was asleep inside that dorm with the inmates. At approximately 1:55 a.m., Plaintiff woke up after another inmate threw a bar of soap at him and he heard several inmates in the back of the dorm laughing. Plaintiff did not cry out or request assistance, but instead challenged the other inmates by saying in a conversational tone of voice, "Anyone feel like a man, step to me." In response, Inmate Christopher Solis came up to Plaintiff's bed and spoke to him. This exchange escalated into a physical altercation.

Upon seeing that the inmates were out of bed, Officer Lawrence ordered the inmates to stop talking and get back into bed. They ignored her. At 1:58 a.m., only three minutes after Plaintiff awoke, Officer Lawrence activated her Personal Body Alarm, thereby alerting the Central Control Room that assistance was required.

As Plaintiff and three other inmates were fighting, Officer Chavies became aware of the situation and turned on the lights in the dorm. After turning on the lights, she notified the Central Control Room by telephone of the disturbance. When the dorm lights came on, the inmates who had been fighting dispersed. The assistance summoned by Officer Lawrence's Personal Body Alarm and Officer Chavies's telephone call arrived two to three minutes after the lights in the dorm came on. As a result of the incident, Plaintiff suffered cuts and puncture wounds, for which sutures were required.

In light of the brief two to three minute gap between the throwing of the soap and activation of the body alarm by the allegedly sleeping Officer, Plaintiff can prove, accepting all his asserted facts as true, no more than mere negligence. Accordingly, judgment must be entered in favor of both individual corrections officers deriving from Plaintiff's claim that Officer Lawrence was asleep. *See Daniels v. Williams*, 474 U.S. at

---

**1.** *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d

611 (1978).

336, 106 S.Ct. at 667 ("Petitioner alleges that he was injured by the negligence of respondent, a custodial official at the city jail. Whatever other provisions of state law or general jurisprudence he may rightly invoke, the Fourteenth Amendment ... does not afford him a remedy").

■ This issue of fact is the only basis pressed by Plaintiff in his papers to maintain the action against Officers Lawrence and Chavies. This argument having failed, Plaintiff presents no other argument to maintain the action against them; thus, summary judgment will be granted in favor of the officers on all claims.[2]

**B.  Claims Against Commissioner Abate**

■ Defendants argue that the claims against Commissioner Abate must fail because Plaintiff has failed to demonstrate Abate's personal involvement in any constitutional deprivation. Def.Mem. at 17–18. The means for establishing personal involvement on the part of a supervisory official are clearly set out in *Wright v. Smith,* 21 F.3d 496 (2d Cir.1994) and *Williams v. Smith,* 781 F.2d 319, 323–24 (2d Cir.1986). Despite this challenge and the citation to these cases in Defendants' motion papers, Plaintiff makes no effort to sustain this claim, choosing instead to focus his efforts on the claims against the individual officers and the *Monell* claims against the City. "In cases such as this one, where the moving party has attempted to demonstrate that the nonmoving party's evidence is insufficient as a matter of law to establish his claim, the burden shifts to the nonmoving party to come forward with persuasive evidence that his claim is not 'implausible.' The question then becomes, is there sufficient evidence to reasonably expect that a jury could return a verdict in favor of the nonmoving party." *Brady v. Town of Colchester,* 863 F.2d 205, 211 (2d Cir.1988). Plaintiff points to no evidence in favor of maintaining any claim against Defendant Abate, and Plaintiff's request for additional discovery is limited to development of his claims against the City, Def.Mem. at 10. Accordingly, the Court must grant Commissioner Abate's motion for summary judgment, as Plaintiff has not provided "sufficient evidence to reasonably expect that a jury could return a verdict in favor of the nonmoving party." *Id.*

**C.  *Monell* Claims**

Because the claims against the individual officers fail, Plaintiff's *Monell* claim that derives from the officers' alleged deliberate indifference must likewise fail. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986) ("neither *Monell* [ ] nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm"); *Dodd v. City of Norwich,* 827 F.2d 1, 8 (2d Cir.1987), *cert. denied,* 484 U.S. 1007, 108 S.Ct. 701, 98 L.Ed.2d 653 (1988).

■ In addition to the *Monell* claim against the City based on the Officers' delib-

---

2. Plaintiff's Complaint can be read broadly to include a claim against both Officers that they were deliberately indifferent to his safety when they failed to conduct an adequate search for contraband and weapons prior to lights out on the evening of the attack. Am.Compl. ¶ 15. Plaintiff's Memorandum includes no effort to maintain this claim against the individual officers, though it does seek to maintain his *Monell* claim that derives from such a violation. Accordingly, Plaintiff appears to abandon this claim procedurally by failing to defend it against Defendants' motion. Despite this abandonment, the claim will be briefly addressed on the merits in this footnote.

Though Plaintiff alleges deliberate indifference toward Plaintiff's safety on the part of the individual officers, Plaintiff admits that Officer Law-

rence looked around the inmates' beds for weapons on the evening preceding the attack. Pl. Mem.Opp'n at 2. Thus, Plaintiff's challenge cannot be to the absence of any search, but merely to the sufficiency of the search actually conducted. In light of the wide ranging discretion afforded prison officials "in the adoption and execution of policies" relating to security, *see Bell v. Wolfish,* 441 U.S. 520, 549, 99 S.Ct. 1861, 1879, 60 L.Ed.2d 447 (1979), the fact that two of the "weapons" found consisted essentially of non-contraband items (a pencil and a "Bic" pen), (Sasanow Decl.Ex. B; Thomas Aff. Ex I, Attachment A at 3), and the absence of prior threats against the Plaintiff by the inmates involved in the fight, (Def.'s 3(g) ¶ 50–52), this claim cannot be maintained against either officer. *See Rucco v. Howard,* 1993 WL 299296 (S.D.N.Y.), at *5–6.

erate indifference, Plaintiff asserts one final claim: namely, a *Monell* claim based on the City's alleged failure to take adequate steps to assure a reasonable level of security for inmates of GMDC. As explained in his papers, "Plaintiff intends to prove that the injuries that he suffered by being stabbed and cut by other inmates were the result of Department of Correction's failure to conduct adequate searches of the dormitory facilities at GMDC for contraband weapons." Pl. Mem.Opp'n at 10.

■ Not "all harm-causing municipal policies are actionable under § 1983" nor are "all such policies ... unconstitutional." *Collins v. City of Harker Heights,* 503 U.S. 115, 123, 112 S.Ct. 1061, 1067, 117 L.Ed.2d 261 (1992). Rather, such municipal liability necessarily depends upon a finding that a city employee violated a plaintiff's constitutional rights. *Heller,* 475 U.S. at 799, 106 S.Ct. at 1573; *Dodd,* 827 F.2d at 8; *Collins,* 503 U.S. at 123, 112 S.Ct. at 1068 ("if a city employee violates another's constitutional rights, the city may be liable if it had a policy or custom of failing to train its employees and that failure to train caused the constitutional violation"). Accordingly, this final *Monell* claim cannot survive in light of the above rulings granting summary judgment on the underlying § 1983 claims in favor of the individual defendants named in the Complaint.[3]

#### D. State–Law Claims

■ Having dismissed all of plaintiff's federal claims, the Court finds it appropriate to dismiss Plaintiff's state-law claims, since diversity jurisdiction is lacking. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). While such a dismissal is not mandatory where the federal claims are dismissed before trial, *see Rosado v. Wyman,* 397 U.S. 397, 403–05, 90 S.Ct. 1207, 1213–14, 25 L.Ed.2d 442 (1970), the Court finds that the balance of the relevant factors—judicial economy, convenience, fairness, and comity—point toward declining to exercise jurisdiction over the remaining state-law claims. *See*

*Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 349–51, 108 S.Ct. 614, 618–20, 98 L.Ed.2d 720 (1988) ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"; and further explaining that *Gibbs* recognized "that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered ... will point toward declining to exercise jurisdiction over the remaining state-law claims"). Accordingly, Plaintiff's state law claims are hereby dismissed, without prejudice.

#### ORDER

Defendants' motion for summary judgment on all federal claims is hereby GRANTED in its entirety.

Defendants' motion to dismiss the state law claims without prejudice is hereby GRANTED.

The Clerk of the Court shall enter judgment for the Defendants on all federal claims, dismiss the remainder of the Complaint, and close the case statistically.

SO ORDERED.

---

**3.** In light of this ruling, additional discovery would be unavailing, and Plaintiff's reliance

thereon to defeat this motion is misplaced.